[Cite as *State v. Velazquez*, 2020-Ohio-4009.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-02-002 |
| | : | O P I N I O N |
| - vs - | | 8/10/2020 |
| | : | |
| CHRISTY A. VELAZQUEZ, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 19-500-042

Richard W. Moyer, Clinton County Prosecuting Attorney, Katie Wilkin, 103 E. Main Street, Wilmington, Ohio 45177, for appellee

Timonere Law Offices, LLC, Jane Timonere, 4 Lawyers Row, Jefferson, Ohio 44047, for appellant

**PIPER, J.**

{¶1}  Appellant, Christy Velazquez, appeals her sentence after pleading guilty in the Clinton County Court of Common Pleas to five counts of aggravated trafficking in drugs.[1]

{¶2}  The United States Postal Service became aware that a box addressed to Velazquez contained various drugs. As part of a joint investigation, Clinton County Sheriff's Office detectives and Postal Service investigators executed a search warrant at

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar for purposes of issuing this opinion.

Velazquez's home.  There, they found hundreds of pills for which Velazquez did not have a valid prescription, as well as over $3,000 in cash.  Investigators also searched Velazquez's cell phone, which contained multiple text messages indicating her drug trafficking.

{¶3}    Velazquez was indicted on six counts of aggravated trafficking in hydrocodone, oxycodone, and fentanyl.  Velazquez asserted that the drugs were for her personal use and that she had multiple medical conditions that necessitated their use.  However, she and the state ultimately negotiated a plea in which Velazquez would plead guilty to five trafficking counts.  The parties did not reach any agreement regarding sentencing.

{¶4}    The trial court merged some of the convictions as allied offenses.  The court then imposed consecutive sentences upon Velazquez for the remaining convictions for an aggregate prison sentence of 21 months.  Velazquez now appeals her sentence, raising the following assignment of error:

{¶5}    THE RECORD CLEARLY AND CONVINCINGLY DOES NOT SUPPORT THE SENTENCING COURT'S FINDINGS UNDER (C)(4) OF SECTION 2929.14 OF THE REVISED CODE.  AS A RESULT, THE COURT DID NOT LAWFULLY IMPOSE CONSECUTIVE SENTENCES OF INCARCERATION.

{¶6}    Velazquez argues in her assignment of error that the trial court erred in imposing consecutive sentences.  Velazquez acknowledges that the trial court properly made the requisite consecutive sentence findings before imposing the consecutive sentence.  However, she argues that the trial court's findings are not clearly and convincingly supported by the record.[2]

---

2. Inexplicably, the state cites *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, and argues that the trial court's decision was not an abuse of discretion.  This court has long-ago abandoned the *Kalish* standard given the direct edict from the Ohio Legislature that reviewing courts should not review a trial court's sentencing decision for an abuse of discretion.  R.C. 2953.08(G)(2).

{¶7} According to R.C. 2953.08(G)(2)(a), a court of appeals may increase, reduce, or otherwise modify a sentence if it clearly and convincingly finds "[t]hat the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant."

{¶8} As recently noted by the Ohio Supreme Court, "because R.C. 2953.08(G)(2)(a) specifically mentions a sentencing judge's findings made under R.C. 2929.14(C)(4) as falling within a court of appeals' review, the General Assembly plainly intended R.C. 2953.08(G)(2)(a) to be the exclusive means of appellate review of consecutive sentences." *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶ 16. Thus, this court can only modify the imposition of the trial court's sentence if we were to clearly and convincingly find that the record does not support the trial court's findings made according to R.C. 2929.14(C)(4).

{¶9} R.C. 2929.14(C)(4) essentially requires three findings.

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} The trial court found that the consecutive nature of the sentence was (1) necessary to protect the public from Velazquez's future crime, and (2) was not disproportionate to the seriousness of her misconduct and the danger Velazquez posed to the public. The trial court also found that (3) at least two of the multiple offenses were committed as part of a course of conduct and that the harm caused by the offenses was so great or unusual that a single prison term could not adequately reflect the seriousness of her conduct. After reviewing the record, we find that the trial court's findings are supported by the record.

{¶11} Velazquez pled guilty to trafficking in three different drugs, hydrocodone, oxycodone, and fentanyl, which are highly addictive and potentially deadly. Velazquez had in her possession 278 oxycodone, 10 hydrocodone, and 100 fentanyl pills. She admitted to selling the drugs, and also that she would have others sell the drugs on her behalf. Text messages located in Velazquez's cell phone show that she worked with her sellers to price the pills based on their milligram weight, and that she offered one person discounted prices if that person sold enough pills.

{¶12} The trial court found, and we agree, that Velazquez "minimized" her actions by claiming to have sold to only a few friends and by claiming her possession was for personal use due to her medical issues. While Velazquez may have been addicted herself and suffered from medical issues, the quantity she possessed demonstrates that she actively sold to others for profit and possessed the drugs for more than just her personal use. The investigation revealed that Velazquez had more than $28,000 in deposit receipts, as well as more than $3,000 cash in her home.

{¶13} The community as a whole suffered from Velazquez's trafficking, and the trial

court specifically noted the widespread drug problem in the county and the prevalence of overdose deaths. As noted above, the pills Velazquez pled guilty to trafficking, including oxycodone and fentanyl, are highly addictive and potentially deadly.

{¶14} We find that the trial court's consecutive sentence findings were supported by the record. As such, Velazquez's assignment of error is overruled.

{¶15} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.